IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS HARTMAN, | ) | Case No. 3:23-CV-00005 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID. A. RUIZ |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| HAROLD MAY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **AND ORDER** |

A jury found our petitioner, Nicholas Hartman, guilty of six counts of raping his stepdaughter.  *See State v. Hartman*, 2020-Ohio-4245, at ¶ 1 (Ct. App); *State v. Hartman*, Case No. 18-CR-1033, Sandusky County Court of Common Pleas.  The trial court imposed an aggregate sentence of 60 years to life in prison.  *See* ECF Doc. 12-1 at 26-32.

Hartman petitions for writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions in *State v. Hartman*.  ECF Doc. 1.  Hartman raises 12 grounds for relief:

> **GROUND ONE:** Defendant received ineffective assistance of counsel in violation of VI Amendment.

> **GROUND TWO:** Prosecutor engaged in misconduct in violation of due process of law of XIV Amendment.

> **GROUND THREE:** Judge incorrectly ruled on Evid. R. 404 issues in violation of VIII Amendment.

> **GROUND FOUR:** No dates were listed for the charges in violation of VI Amendment.

> **GROUND FIVE:** Sentencing Entry is confused and not a final appealable order in violation of due process and equal protection of law in V & XIV Amendments.

**GROUND SIX:** Petitioner's convictions were against the sufficiency of the evidence violating his right to due process and equal protection of law in the V & XIV Amendments.

**GROUND SEVEN:** Appellate counsel did not effectively argue that trial counsel violated his own motion in limine for invited error and failed to object when other motions in limine were violated, violating petitioner's right to effective assistance of counsel under the VI Amendment.

**GROUND EIGHT:** Appellate counsel was ineffective for not arguing that petitioner does not have a final appealable order due to its silence on Count 7, thus violating petitioner's right to a speedy trial and effective assistance of counsel in Amendment VI.

**GROUND NINE:** Appellate counsel was ineffective per VI Amendment in not arguing that since petitioner was never read his *Miranda v. Arizona*, 384 U.S. 436, rights against self-incrimination per V Amendment at the time of his arrest all of the illegally obtained evidence in this case should be suppressed.

**GROUND TEN:** Appellate counsel was ineffective per VI Amendment in not requesting the audio record of the trial in which the prosecutor says in Opening Argument, "This case is not about evidence," thus proving beyond all reasonable doubt that this conviction was against the sufficiency of the evidence in violation of due process and equal protection of law in the V & XIV Amendment.

**GROUND ELEVEN:** Appellate counsel was ineffective per VI Amendment in not arguing that the indictment was constitutionally defective for relying on bad character evidence, proof of prior conviction, and not the present facts of this case denying petitioner due process and equal protection of law per the V & XIV Amendments.

**GROUND TWELVE:** The Sandusky County Clerk of Courts and the Sixth District Court of Appeals are committing the federal crime of mail fraud to keep petitioner falsely incarcerated by recording non-existent journal entries ex post facto on a fraudulent docket sheet that is not recorded on the public docket sheet in violation of due process and equal protection of law under the V & XIV Amendments and *Wolfe v. Randle*, 267 F. Supp.2d 743 (S.D. Ohio 2003).

ECF Doc. 1 at 6-19.  Additionally, Hartman has filed a motion to expand the record to include

motions from his state court proceedings, various interviews and additional testimony not

presented at trial, jail calls, a video he made, grand jury transcripts, and an audio recording of his

trial.  ECF Doc. 4.  He has also moved for his immediate release on his own recognizance (ECF

2

Doc. 6), to amend and supplement the record to reflect the correct filing date of his petition (ECF Doc. 5), to appoint counsel (ECF Doc. 8), and to renew his motion to expand, for the appointment of counsel, to hold an evidentiary hearing, and to be released.  (ECF Doc. 15).

Warden May has also filed a motion to dismiss Hartman's petition based on statute of limitation grounds (ECF Doc. 12), and a supplement containing state court transcripts (ECF Doc. 17).  Hartman has opposed the motion to dismiss (ECF Doc. 15), renewing his motion to expand, for the appointment of counsel, to hold an evidentiary hearing, and to be released, and has also moved for an extension of time to respond to Warden May's supplement containing the state court transcripts (ECF Doc. 19).  Both Warden May and Hartman filed additional replies regarding the motion to dismiss (ECF Doc. 16; ECF Doc. 18).

## I.     State Court History

### A.     Trial Court

On October 22, 2018, a Sandusky County grand jury indicted Hartman on seven counts of raping R.Y., his stepdaughter, alleging that he raped her three times between November 5, 2016 and November 4, 2017 (Counts 1 to 3), twice between December 26, 2017 and January 31, 2018 (Counts 4 and 5), and twice between September 17, 2018 and September 21, 2018 (Counts 6 and 7).  ECF Doc. 12-1 at 4-6.  The court appointed counsel, and Hartman pleaded not guilty. ECF Doc. 12-1 at 7.

On July 30, 2019, the case proceeded to trial.  ECF Doc. 12-1 at 23.  At the conclusion of the state's case, it moved to dismiss Count 7, which the state trial court granted.  *Id.*  Following a two-day trial, the jury found Hartman guilty on Counts 1 to 6.  ECF Doc. 12-1 at 23-24.  At Hartman's sentencing on August 2, 2019, the state trial court imposed an aggregate sentence of

60 years to life imprisonment.  ECF Doc. 12-1 at 26-32.  The journal entry imposing Hartman's sentence was entered on August 2, 2019.  ECF Doc. 12-1 at 26.

**B.** **Direct Appeal**

On August 15, 2019, Hartman, through new counsel, appealed his convictions.  ECF Doc. 12-1 at 35.  Hartman filed a merits brief, asserting five assignments of error:

1. Ineffective Assistance of Counsel.

2. Prosecutorial Misconduct.

3. Court Incorrectly Ruled on Issues Evidence Rule 404

4. Fundamental elements of the offence[*sic*] is missing dates.

5. Confusion on Sentencing.

ECF Doc. 12-1 at 46.  The state filed an appellee brief.  ECF Doc. 12-1 at 63-81.  On August 28, 2020, the Ohio Court of Appeals overruled Hartman's assignments of error and affirmed his convictions, but remanded for a nunc pro tunc sentence to correct an error in the sentencing entry.  ECF Doc. 12-1 at 82-110.  On September 4, 2020, the trial court entered the corrected judgment.  ECF Doc. 12-1 at 113-119.

On October 8, 2020, Hartman, through counsel, appealed the Ohio Court of Appeals' decision to the Ohio Supreme Court.  ECF Doc. 12-1 at 121.  In his memorandum in support of jurisdiction, Hartman re-asserted the assignments of error he raised in his appellate court merits brief as propositions of law.  ECF Doc. 12-1 at 122-134.  On December 29, 2020, the Ohio Supreme Court declined to exercise jurisdiction.  ECF Doc. 12-1 at 135.

4

### C.     Application to Reopen Direct Appeal under Rule 26(B)

On October 23, 2020, while his appeal to the Ohio Supreme Court was pending,

Hartman, pro se, applied to reopen his direct appeal under Ohio Appellate Rule 26(B).  ECF

Doc. 12-1 at 136-145.  In his application, Hartman raised two assignments of error:

1.  Appellant Received Ineffective Assistance of Counsel Where Coun[s]el Failed
    to Challenge the Indictment.

2.  Appellant Received Ineffective Assistance of Counsel Where Counsel Failed to
    move for Dismissal of the Case Based Upon a Violation of Appellant's
    Constitutional Right to a Speedy Trial.

*Id.*  On January 29, 2021, the Ohio Court of Appeals denied Hartman's application, finding that

he simply reiterated an issue from his direct appeal as his first assignment of error and did not

provide any new material in support of either alleged error.  ECF Doc. 12-1 at 147-152.

On April 9, 2021, a docket entry indicates that notice of the Ohio Court of Appeals'

decision was returned to the court.  *See* Docket for *State v. Hartman*, Sandusky County Court of

Common Pleas, case no. 19-CA-S36.[1]

On November 4, 2021, Hartman moved to amend and extend the page limitation on his

application to reopen.  ECF Doc. 12-1 at 154-174.  In his motion to amend, Hartman listed the

following assignments of error he wanted to add to his application:

1.  Appellate Counsel failed to effectively argue the ineffectiveness of trial
    counsel.

2.  Appellate Counsel failed to effectively argue the issue of prosecutorial
    misconduct.

3.  Appellate counsel failed to effectively argue the issue of the court incorrectly
    ruling on Evid. D. 404 issues.

4.  Appellate Counsel ineffectively argued a fundamental element of the charges is
    missing: No dates.

---

[1]*Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999) (holding that federal courts may take judicial
notice of proceedings in other courts of record).

5. Appellate Counsel ineffectively argued the court record on sentencing is confused.

6. Appellant's convictions were against the manifest weight and sufficiency of the evidence.

7. Appellate Counsel did not effectively argue that trial counsel violated his own motion in limine for invited error and failed to object when other motions in limine were violated.

8. Appellate Counsel was ineffective in not arguing that the sentencing judgment entry does not address C[o]unt 7, thereby making it a nonfinal appealable order under R.C. 2505.02.

9. Appellate Counsel was ineffective in not arguing that since Hartman was never read his Miranda v. Arizona rights at the time of his arrest, all of that illegally obtained evidence in this case should be suppressed.

10. Appellate Counsel was ineffective in not arguing that the indictment was constitutionally defective for relying on bad character evidence, proof of a prior conviction, not the present facts of this case.

11. Appellate Counsel was ineffective for not requesting the audio record of this trial in which Brauns says in opening arguments, "This case is not about evidence."

*Id.*  On December 13, 2021, Hartman also moved to suppress the prosecutor's "comment" on his motion to amend.  ECF Doc. 12-1 at 203-205.  On January 3, 2022, the Ohio Court of Appeals construed Hartman's motions jointly as a successive application to reopen and denied the motions because successive applications were prohibited under Ohio law.  ECF Doc. 12-1 at 209-211.

On March 27, 2022, Hartman mailed a notice of appeal and a motion for delayed appeal, regarding the appellate court's decision.  ECF Doc. 4-1 at 101-103.[2]

---

[2] Hartman supplies these documents and the Clerk of the Ohio Supreme Court's response (summarized below) as part of his motion to expand the record.  Because these documents could influence the limitations period of Hartman's federal habeas petition and are reflective of his efforts are diligently pursing his claims, as to these documents, Hartman's motion to expand the record (ECF Doc. 4) is GRANTED.  I will address the remainder of the items sought below.

On March 31, 2022, the Clerk of the Ohio Supreme Court sent Hartman a letter noting his notice of appeal and motion were received on March 31, 2022 and refusing to file them with the court.  ECF Doc. 4-1 at 96, 98-101.  The letter indicated that "the provision for delayed appeal under Rule 7.01(A)(4) does not apply to appeals involving postconviction relief or appeals brought pursuant to App.R. 26(B)."  *Id.*

## B.     Federal Habeas Corpus

Hartman, pro se, filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254 in this court on December 12, 2022.  Hartman alleged the following 12 grounds:

**GROUND ONE:** Defendant received ineffective assistance of counsel in violation of VI Amendment.

**GROUND TWO:** Prosecutor engaged in misconduct in violation of due process of law of XIV Amendment.

**GROUND THREE:** Judge incorrectly ruled on Evid. R. 404 issues in violation of VIII Amendment.

**GROUND FOUR:** No dates were listed for the charges in violation of VI Amendment.

**GROUND FIVE:** Sentencing Entry is confused and not a final appealable order in violation of due process and equal protection of law in V & XIV Amendments.

**GROUND SIX:** Petitioner's convictions were against the sufficiency of the evidence violating his right to due process and equal protection of law in the V & XIV Amendments.

**GROUND SEVEN:** Appellate counsel did not effectively argue that trial counsel violated his own motion in limine for invited error and failed to object when other motions in limine were violated, violating petitioner's right to effective assistance of counsel under the VI Amendment.

**GROUND EIGHT:** Appellate counsel was ineffective for not arguing that petitioner does not have a final appealable order due to its silence on Count 7, thus violating petitioner's right to a speedy trial and effective assistance of counsel in Amendment VI.

**GROUND NINE:** Appellate counsel was ineffective per VI Amendment in not arguing that since petitioner was never read his *Miranda v. Arizona*, 384 U.S. 436, rights against self-incrimination per V Amendment at the time of his arrest all of the illegally obtained evidence in this case should be suppressed.

**GROUND TEN:** Appellate counsel was ineffective per VI Amendment in not requesting the audio record of the trial in which the prosecutor says in Opening Argument, "This case is not about evidence," thus proving beyond all reasonable doubt that this conviction was against the sufficiency of the evidence in violation of due process and equal protection of law in the V & XIV Amendment.

**GROUND ELEVEN:** Appellate counsel was ineffective per VI Amendment in not arguing that the indictment was constitutionally defective for relying on bad character evidence, proof of prior conviction, and not the present facts of this case denying petitioner due process and equal protection of law per the V & XIV Amendments.

**GROUND TWELVE:** The Sandusky County Clerk of Courts and the Sixth District Court of Appeals are committing the federal crime of mail fraud to keep petitioner falsely incarcerated by recording non-existent journal entries ex post facto on a fraudulent docket sheet that is not recorded on the public docket sheet in violation of due process and equal protection of law under the V & XIV Amendments and *Wolfe v. Randle*, 267 F. Supp.2d 743 (S.D. Ohio 2003).

ECF Doc. 1 at 6-19.

## II.    Statute of Limitations

### A.    The Parties' Arguments

In his petition, Hartman contends that his petition is timely because his judgment of conviction did not become final because Count 7 in his indictment was never adjudicated, and he is entitled to equitable tolling because the prison did not timely mail his motion for delayed appeal to the Ohio Supreme Court.  ECF Doc. 1 at 20-21.

Warden May contends that the court should dismiss Hartman's § 2254 petition as time-barred under 28 U.S.C. § 2244(d)(1)(A).  ECF Doc. 12 at 11-13.  Warden May argues that Hartman's statute of limitations began to run on March 30, 2021, after the period during which he could have appealed to the United States Supreme Court expired; and Hartman did not file

any motions that tolled the limitations period or his federal habeas petition within the following year.  *Id.*  Warden May acknowledges that Hartman filed a motion to amend during this period, but argues that the motion was not properly filed under *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) and, thus, did not toll the limitations period.  ECF Doc. 12 at 13-14.

Hartman responds that that his limitations period should be calculated under § 2244(d)(1)(B), and began to run on January 3, 2022, when he first learned "of the State of Ohio's actions in violation of the Constitution or laws of the United States to wit: engaging in federal mail fraud by falsifying the dates of their alleged ruling on his initial App. R. 26(B) motion in order to strike his motion to amend his App. R. 26(b) as a second or successive motion."  ECF Doc. 15 at 4.  In his sur-reply, Warden May reiterates his arguments and adds that Hartman cannot show that the delayed notice of the appellate court's decision met the requirements to satisfy § 2244(d)(1)(B).  ECF Doc. 16 at 1-5.  Hartman also filed a sur-reply, which largely reiterated his arguments and support for his motions, indicating he was not contending that the delay required under § 2244(d)(1)(B) stemmed from the county clerk of courts, rather than the prison system.  *See* ECF Doc. 18.

### B.    Standards of Law

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations upon all applications seeking a writ of habeas corpus under 28 U.S.C. § 2254.  28 U.S.C. § 2244(d)(1).  The one-year period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*  The one-year statute of limitations is tolled during the pendency of properly filed motions for post-conviction relief or other collateral proceedings.  *Id.* § 2244(d)(2).  A motion is "properly filed" when it complies with the state's rules governing filing, which include time limits on delivery.  *Artuz*, 531 U.S. at 8.  Untimely filings have no tolling effect.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14, 417 (2005).  Once the one-year period has expired, it cannot be revived by subsequent state collateral review proceedings.  *Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 460 (6th Cir. 2012).

      Under § 2244(d)(1)(A), if the petitioner filed a petition of for writ of certiorari in the United States Supreme Court, his conviction becomes final when the Court affirms the conviction or denies the petition.  *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  In all other cases, a conviction becomes final the time in which to pursue direct review, either in the United States Supreme Court or in the state court, has expired.  *Id.*  The time for filing a direct appeal in Ohio is 30 days from the entry of the order or judgment appealed from.  Ohio App. R. 4(A)(1). The time for appealing to the Ohio Supreme Court is 45 days from the entry of the judgement. Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i).  And the time for filing a petition for writ of certiorari in the United States Supreme Court is 90 days after the entry of the judgment appealed.  U.S. Sup. Ct. R. 13(1).

      In contrast, the focus of § 2244(d)(1)(B) is whether a state-created impediment prevented the petitioner from timely filing his *federal habeas petition.  See Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003).  There must be some "causal relationship" between the

10

impediment and the petitioner's inability to timely file his petition.  *Winkfield*, 66 F. App'x at 582-83; *see also Simmons v. United States*, 974 F.3d 791, 796-97 (6th Cir. 2020).  And not all impediments arise to the level of a constitutional violation sufficient to trigger § 2244(d)(1)(B).  *See Johnson v. Brewer*, No. 2:15-cv-11154, 2015 U.S. Dist. LEXIS 75397, at *8-9 (E.D. Mich. June 11, 2015) (timely notice of state court decisions).  Most always, § 2244(d)(1)(B) will be implicated only when the impediment alleged is prison interference with the petitioner's ability to prepare and file a timely petition.  *See Shannon v. Newland*, 410 F.3d 1083, 1087 (9th Cir. 2005) ("The limited case law applying § 2244(d)(1)(B) has dealt almost entirely with the conduct of state prison officials who interfere with the inmates' ability to prepare and to file habeas petitions by denying access to legal materials."); *see also Carter v. Klee*, 286 F. Supp.3d 846, 851 (E.D. Mich. 2018).

C.    **Analysis**

Although Hartman and the Warden disagree under which subsection of § 2244(d)(1) the court should calculate the applicable statute of limitations for Hartman's petition, the conflict is non-dispositive because Hartman's petition is untimely under either subsection.  Looking first to § 2244(d)(1)(A), Hartman's attempt to continue his direct appeal of his convictions in the Ohio Supreme Court resulted in his conviction becoming final when the 90-day period within which he could have filed a petition for writ of certiorari to the U.S. Supreme Court expired.  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The Ohio Supreme Court declined to exercise jurisdiction over Hartman's direct appeal on December 29, 2020.  ECF Doc. 12-1 at 135.  Thus, Hartman's conviction became final 90 days later, on March 29, 2021, and his statute of limitations began to run the following business day, March 30, 2021.

Hartman's initial Rule 26(b) application had no tolling effect on his limitations period because it was filed and decided prior to his conviction becoming final on March 29, 2021. The effect of Hartman's subsequent motion to amend his Rule 26(b) application and motion for delayed appeal is a closer question, but ultimately those filings also do not affect the timeliness of Hartman's petition. Although the Ohio Court of Appeals' treatment of Hartman's motion to amend raises some questions (discussed further below), for purposes of §2244(d)(1)(A), the Ohio Court of Appeals construed Hartman's motion (in combination with his motion to suppress) as a successive application to reopen. *See* ECF Doc. 12-1 at 209-211. The Ohio Court of Appeals prohibits successive applications to reopen. *See State v. Richardson*, 74 Ohio St.3d 235, 236 (1996). Under the Supreme Court's ruling in *Atruz*, improperly filed motions, such as those found to be impermissibly successive, do not toll the statute of limitations time. *Artuz*, 531 U.S. at 8; *Vroman v. Brigano*, 346 F.3d 598, 603-04 (6th Cir. 2003) (stating that a state court's determination of whether a post-conviction petition was properly filed is dispositive of whether such action has a tolling effect); *Vang .v. Sheldon*, No. 5:15-CV-367, 2015 U.S. Dist. LEXIS 177084, at *11, (N.D. Ohio Aug. 25, 2015) (finding that the statute of limitation was not tolled for an Rule 26(B) application deemed successive in the state court). Here, the record makes it clear that the Ohio Court of Appeals deemed Hartman's motion to amend his Ohio App. R. 26(B) motion to reopen improper because it was second or successive. Thus, the filing of that motion had no impact on the running of Hartman's AEDPA statute of limitations.

But even if the full tolling effect were ascribed to period during which Hartman's motion to amend the Rule 26(B) application was pending, it would still not prevent the conclusion that Hartman's petition was untimely; it would simply reduce the number of days by which it was untimely. Hartman's motion to amend his application remained pending from November 4,

2021 to January 3, 2022 (60 days). *See* ECF Doc. 12-1 at 154, 209. Hartman did not file his

federal habeas petition until December 12, 2022, 257 days after the AEDPA statute of limitations

expired. ECF Doc. 1 at 22. Consequently, Hartman's federal habeas petition would still have

been beyond the one-year statute of limitations period by 197 days.

Hartman's later filings likewise had no impact on the timeliness of his federal petition,

because they were not "properly filed" under Ohio law. Hartman argues (in his motion to

expand the record) that he filed a notice of appeal of the appellate court's January 3, 2022

decision on February 10, 2022. ECF Doc. 4-1 at 52. It is unclear from the filing provided by

Hartman that it was ever mailed. Additionally, there is no record of it having been filed with the

Ohio Supreme Court. Because there is no record of this filing with the Ohio Supreme Court, and

because Hartman's attachment does not evidence that it was mailed to the court, we must find

that the notice was not "properly filed" for statute of limitations tolling purposes. *See Derrick v.*

*Lester*, No. 3:13-CV-1275, 2014 U.S. Dist. LEXIS 32761, at *6 (M.D. Tenn. Mar. 13, 2014)

(finding that because there was no evidence of the petitioner's alleged state post-conviction

petition, statutory tolling for "properly filed" petitions was not warranted); *see also Freeman v.*

*Trombley*, 483 F. App'x 51, 58-59 (6th Cir. 2012) (holding that unsupported and self-serving

affidavits by a habeas petitioner are "inherently suspect" and "unreliable" and "must be reviewed

with great skepticism").

As to his second notice of appeal and motion, those failed to toll his limitations period

because they were both: (1) filed with the Ohio Supreme Court *after* the expiration of Hartman's

AEDPA limitations period, and (2) procedurally improper. Ohio has not adopted the prison

mailbox rule and, thus, Hartman's notice of appeal and motion were not considered filed until

March 31, 2022, a day after his AEDPA limitations period expired. *See Vroman*, 346 F.3d

at 604.  Additionally, the Ohio Supreme Court summarily rejected his filings, enforcing

Rule 7.01(A)(4)(c), which states that the Clerk of Court "shall refuse to file motions for delayed

appeal involving postconviction relief or App. R. 26(B)."  Ohio S. Ct. Prac. R. 7.01(A)(4)(c).

Because the state court rejected Hartman's filing for being procedurally improper, the motion

was not "properly filed" and would not toll the statute of limitations.  *See Artuz*, 531 U.S. at 8.

Because none of his post-conviction motions (or alleged motions) tolled the limitations period,

the statute of limitations period for Hartman to file his federal habeas petition ran uninterrupted

from March 30, 2021 to March 30, 2022 – during which time Hartman did not file his federal

habeas petition.  Accordingly, under § 2244(d)(1)(A), Hartman's petition is untimely.

Hartman contends that his petition was timely under § 2244(d)(1)(B) because the state

courts' alleged mail fraud impeded his ability to make timely filings.  *See* ECF Doc. 15 at 4.

Hartman's arguments, however, are without merit.  First, Hartman misunderstands the type of

impediment addressed in § 2244(d)(1)(B).  Hartman cites the state court's delayed notice in

informing him of the Ohio Court of Appeals' decision denying his application to reopen his

appeal as the impediment that ultimately delayed his filings and his federal habeas petition.  *See*

ECF Doc. 1 at 20-21; ECF Doc. 15 at 4.  He asserts that he did not learn of the appellate court's

decision until he received its decision of January 3, 2022 on his motion to amend the application,

and he filed his federal habeas petition within a year of that decision.  *See* ECF Doc. 1 at 20-21;

ECF Doc. 15 at 4.  This is not the type of impediment § 2244(d)(1)(B) concerns.

Subsection (d)(1)(B) relates to the one-year statute of limitations imposed on prisoners

for the filing of their *federal habeas petitions*.  Consistent with this focus, § 2244(d)(1)(B)

concerns itself with whether a state-created impediment prevent the petitioner from timely *filing*

*his federal habeas petition* – not whether an impediment existed that prevented the petitioner

14

from *making other state court filings* that the petitioner believes would have tolled the expiration of the one-year statute of limitations. *See Winkfield*, 66 F. App'x at 583; *Shannon*, 410 F.3d at 1087; *see also Carter*, 286 F. Supp.3d at 851. The "mail fraud" Hartman alleges occurred only prevented him from learning of the denial of his application to reopen, but that alleged interference, even assuming it were true, did not prevent him from filing his federal habeas petition. Moreover, as discussed above, the application to reopen was decided before his conviction became final. Because the motion had no tolling effect, the lack of notice could not have impeded Hartman's ability to file his federal habeas petition.

And Hartman's allegations likewise fail to identify any impediment: (i) that was causally connected to the delayed in filing his federal habeas petition, and/or (ii) that rose to the level of a constitutional violation. *Winkfield*, 66 F. App'x at 582-83; *Johnson*, 2015 U.S. Dist. LEXIS 75397, at *8-9. Hartman has not alleged that his delayed notice of the Ohio Court of Appeals decision had any impact on his ability to file a federal habeas petition. Moreover, Hartman provides no support for his allegations of mail fraud. He claims that the Ohio Court of Appeals' docket entry noting notice of its decision on his Rule 26(B) application was fraudulent, but has provided no support for this claim. ECF Doc. 15 at 4. As a result, the record evidence only supports the conclusion that for some unspecified reason, the notice was returned to the appellate court several months after it was mailed to Hartman. *See* Docket for *State v. Hartman*, Sandusky County Court of Common Pleas, case no. 19-CA-S36. Untimely notice has been found to not be a constitutional violation sufficient to trigger § 2244(d)(1)(B)'s tolling. *See Johnson*, 2015 U.S. Dist. LEXIS 75397, at *8-9. Accordingly, Hartman's petition is likewise untimely under § 2244(d)(1)(B) and due to be dismissed, unless Hartman can demonstrate that equitable tolling is warranted or that he has raised a sufficient claim of actual innocence.

### III.     Statute of Limitations Exceptions

Warden May argues that Hartman is not entitled to equitable tolling because he has not

shown any extraordinary circumstances that prevented him from timely filing, and has not

demonstrated his actual innocence.  ECF Doc. 12 at 15-18.  Hartman contends that he is entitled

to equitable tolling because of the state courts' alleged mail fraud causing his delay.  *See* ECF

Doc. 1 at 20-21; ECF Doc. 15 at 4.

Because AEDPA's statute of limitations is not jurisdictional, it is subject to equitable

tolling.  *Holland v. Florida*, 560 U.S 631, 645 (2010).  If a petitioner seeks equitable tolling, he

must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing."  *Id.* at 649 (quotation marks

omitted).  The diligence required for equitable tolling purposes is "reasonable diligence … not

maximum diligence."  *Id.* at 653 (quotation marks omitted; citations omitted).  Specifically, the

petitioner must show diligence in filing a federal habeas petition.  *Vroman*, 346 F.3d at 606.  The

second prong of equitable tolling requires both that the circumstance be extraordinary and

beyond the petitioner's control.  *Menominee Indian Tribe v. United States*, 577 U.S. 250, 256-57

(2016).

Although equitable tolling is determined on a case-by-case basis, caselaw provides some

useful guideposts.  *Keeling*, 673 F.3d at 462.  Diligence in pursuing state post-conviction relief,

for example, is not a substitute for a lack of diligence in pursuing federal habeas relief.  *Vroman*,

346 F.3d at 606.  And the Sixth Circuit has outlined the contours of which circumstances are *not*

extraordinary.  *See, e.g.*, *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751-53 (6th Cir.

2011) (lack of transcripts or the state court record, pro se status, and limited law library access);

*Keeling*, 673 F.3d at 464 (pro se status and ignorance of the law); *Cobas v. Burgess*, 306 F.3d

16

441, 444 (6th Cir. 2002) (illiteracy and lack of education).  Ultimately, courts use equitable

tolling sparingly, and it is up to the petitioner to prove he is entitled to it.  *Robertson v. Simpson*,

624 F.3d 781, 784 (6th Cir. 2010).

Hartman is not entitled to equitable tolling, because he did not diligently pursue his right

to file a federal habeas petition and has not pointed to any factor outside of his control that

prevented him from filing a timely petition.  *Holland*, 560 U.S. at 649; *see generally* ECF

Doc. 1; ECF Doc. 15.

Despite Hartman's attempt to revive his state appellate rights through his notices of

appeal and motion for a delayed appeal, Hartman's efforts fail to demonstrate the "reasonable

diligence" required to warrant equitable tolling.  Aside from his rejected filings, neither the Ohio

Court of Appeals' docket, nor the Ohio Supreme Court's docket reflect efforts by Hartman to

learn the status of his proceedings.  Further, the Ohio Supreme Court rejected Hartman's motion

for a delayed appeal on March 31, 2022.  ECF Doc. 4-1 at 96.  Even assuming a reasonable delay

due to the postal system, Hartman nevertheless waited about 7 months more before filing his

federal habeas petition.  *See* ECF Doc. 1.

Further, Hartman's conclusory assertions of "mail fraud" are insufficient to demonstrate

the sort of extraordinary circumstance required for equitable tolling.  *See United States v.

Woosley*, No. 5:22-126-DCR-CJS, 2022 U.S. Dist. LEXIS 220547, at *8 (E.D. Ky. Nov. 18,

2022) ("[A] defendant's bare or unsupported allegation of misconduct by prison officials is

insufficient [to show extraordinary circumstances for equitable tolling]" (internal quotation

marks omitted)).  And "petitioners who receive delayed notification of a state court judgment

due to a clerical or attorney errors may not seek equitable tolling if they passively await

decision."  *Robinson v. Easterlying*, 424 F. App'x 439, 443 (6th Cir. 2011) (internal quotation

marks omitted).  As noted above, there is no evidence that Hartman too any action to discover the status of his application.  Hartman's barebones assertions of "mail fraud" do not support either the diligence or extraordinary circumstances required for equitable tolling to be warranted.

Finally, Hartman cannot show that an actual innocence claim should excuse his failure to file a timely petition because his 12 claims challenge only the *legal sufficiency* of his underlying criminal proceedings or are based on his mail fraud allegations.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see generally* ECF Doc. 1; ECF Doc. 4, ECF Doc. 15.  Even with the evidence Hartman seeks to have included in the record, the items – by Hartman's own admission – would only go to create a reasonable probability that the jury would have found him not guilty – not that he was factually innocent of the charges.  *See* ECF Doc. 4.  And legal insufficiency is not enough to establish actual, factual innocence.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  Thus, Hartman has not met his burden to show that an exception to AEDPA's one-year statute of limitations would permit this court to look past his failure to time a timely petition.

IV.    **Pending Motions**

A.    **Motion to Expand the Record**

Hartman moves to expand the record to include (i) motions filed in his state court proceedings, (ii) notices of appeal to the Ohio Supreme Court and motion for delayed appeal of his motion to amend his application to reopen, (iii) various interviews, recorded evaluations, phone calls, and video that were not presented before the trial court, and (iv) an audio recording of the trial.  ECF Doc. 4 at 1-2; *see also* ECF Doc. 4-1.  He contends that the items not previously admitted before the trial court show a miscarriage of justice because "there is a reasonable probability that petitioner is innocent of the crime charged because the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but

for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  ECF Doc. 4 at 2.

Warden May opposes Hartman's motion to expand the record, contending that the documents were either provided with the motion to dismiss, were not presented before the jury, or, as to the audio recording, unknown in their existence.  *See* ECF Doc. 14.

Under Habeas Rule 7, federal courts have discretion to "direct the parties to expand the record by submitting additional materials related to the petition."  Rules Governing § 2254 Cases, R. 7(a).  Such materials may include "letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record."  *Id.*, R. 7(b).  However, our discretion to expand the record is tempered by our inability to consider evidence not presented before the state courts when we determine the merits of a claim that the state courts addressed on the merits.  *Cf. Moore*, 708 F.3d at 780-84 (noting that expanding the record to include evidence that was not before the state courts could conflict with AEDPA's requirement that state prisoners first present their claims to state courts).

Because Hartman's March 2022 notice of appeal, motion for a delayed appeal, and the clerk's response related to his effort to *preserve* his appellate rights and did not result in a decision of the state courts that addressed his federal habeas claims on the merits, Hartman's motion to expand the record is GRANTED as to that notice, motion, and response.  But, as to those documents Warden May provided with his motion to dismiss, Hartman's motion is DENIED as MOOT – the records have already been made a part of our record.  As to the remaining items[3] Hartman has requested to be added to the record before our court, because I

---

[3] For clarity, the court will grant Hartman's motion to expand the record as to the Ohio Supreme Court Clerk's response to and returned copies of Hartman's notice of appeal of the denial of his motion to

recommend that Hartman's petition be dismissed due to the expiration of the statute of limitations, and because Hartman's requested documents either were not before the jury or are unnecessary for the resolution of his petition, Hartman's motion to expand the record is DENIED.  *See* Rules Governing § 2254 Cases, R. 7(a).

### B.        Motion to Amend and Supplement the Record to Reflect the Filing Date

Hartman moves to amend and supplement the record to reflect the correct filing date of his petition and to strike any untimely response to his petition by the warden.  ECF Doc. 5 at 1-2. Additionally, he requests that his motion to amend his application to reopen his direct appeal be included in the record and that the court rule on his motion for release by February 2, 2023.  ECF Doc. 5 at 2.  Warden May has not opposed the motion.

Hartman is correct that the date indicated on the docket does not reflect the date from which his petition is considered filed.  "Under the prison mailbox rule, a *habeas* petition is considered filed when the prisoner provides the petition to prison officials for filing."  *Keeling*, 673 F.3d at 457.  Although the docket indicates that Hartman's petition was docketed on January 3, 2023, review of the petition shows that Hartman placed his petition in the prison mailing system on December 12, 2022.  ECF Doc. 1 at 22.  As indicated by the court's analysis in determining the statute of limitations, the court has relied on the date Hartman provided his

---

amend his Rule 26 application and his motion before the Ohio Supreme Court for a delayed appeal (ECF Doc. 4-1 at 98-107).  But the motion is denied as to the following items: (i) Hartman's motion to amend and extend the page limitation for his application to reopen his appeal with the stamped filing date (ECF Doc. 4-1 at 1-45); (ii) Hartman's motion to suppress the prosecutor's comment filed in state court (ECF Doc. 4-1 at 46-48); (iii) a copy of his motion to amend and extend the page limit with the stamped filing date (ECF Doc. 4-1 at 49); (iv) a copy of his affidavit of indigency with the stamped filing date (ECF Doc. 4-1 at 50); (v) Hartman's notice of appeal and memorandum in support regarding the appellate court's decision denying his motion to amend his Rule 26 application and an appendix (ECF Doc. 51-95); (vi) an affidavit of verity filed with the state appellate court (ECF Doc. 4-1 at 106); (vii) a copy of the state appellate court's decision on Hartman's "successive" application to reopen his appeal (ECF Doc. 4-1 at 109-111); (viii) a motion for the appointment of counsel (ECF Doc. 4-1 at 110); and (ix) a motion for Hartman's immediate release (ECF Doc. 4-1 at 111-112).

petition to the prison to be mailed in determining the timeliness of his petition – regardless of the date reflected on the court's filing system.  As a result, it is unnecessary to order the docket to be modified; and this paragraph makes it clear that the undersigned has utilized the date Hartman has cited.  This portion of Hartman's motion is DENIED as MOOT.

Moreover, the deadlines for the Respondent to file a Return of Writ or Motion to Dismiss are determined by the court, pursuant to Rules 4 and 5 of the Rules Governing § 2254 Proceedings – not when Hartman's petition was filed.  Additionally, because the court has ruled on Hartman's motion for immediate release (discussed below) and Warden May has provided Hartman's motion to amend his application to reopen, on those grounds, Hartman's motion is DENIED as MOOT.  Further, because it would not be proper to strike the Warden's motion to dismiss, that portion of Hartman's motion is DENIED.

### C.      Motions for Immediate Release, Appointment of Counsel, and for an Extension of Time to Respond to the State's Supplemental Transcripts

Hartman moves for his immediate release on his own recognizance, for the appointment of counsel, renewal of all his pending motions at that time, and for an extension of time to respond to the transcripts filed by Warden May.  ECF Doc. 6; ECF Doc. 8; ECF Doc. 15; ECF Doc. 19.  In the motion to dismiss, Warden May notes his opposition to the appointment of counsel on Hartman's behalf.  ECF Doc. 12 at 18-19.  Additionally, in his sur-reply, Warden May opposes Hartman's motion to renew.  *See* ECF Doc. 16 at 5-8.  Because I recommend that Hartman's petition be dismissed for being untimely, Hartman's motions are DENIED.

### V.      Certificate of Appealability

In order to appeal the denial of federal habeas relief, the petitioner must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1).  To receive a COA, the petitioner must make a "substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).

Specifically, he must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  And when a claim was denied on procedural grounds, the petitioner "must show that reasonable jurists could disagree about the both the procedural ruling and the underlying constitutional claim." *Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020) (citing *Slack*, 529 U.S. at 484).

If the Court accepts my recommendation, Hartman will not be able to show that the Court's rulings on his claim is debatable among jurists of reason.  Hartman's § 2254 petition is untimely.  Because jurists of reason would not find that conclusion to be debatable, I recommend that no COA issue in this case.

## VI.    Recommendation

Because Hartman's petition is untimely under AEDPA's one-year statute of limitations, I recommend that Warden May's motion to dismiss as untimely Hartman's petition (ECF Doc. 12) be GRANTED, that Hartman's claims be DISMISSED, and that Hartman's petition for writ of habeas corpus (ECF Doc. 1) be DENIED.  I further recommend that Hartman not be granted a COA.

Further, to the extent Hartman seeks to have the record expanded to include his March 2022 notice of appeal and motion for delayed appeal, Hartman's motion to expand the record (ECF Doc. 4) is GRANTED.  To the extent Hartman seeks to have documents the warden included in his motion to dismiss, Hartman's motion to expand the record is DENIED as MOOT. As to the remaining requested items, identified on page 19 footnote 3 *supra*, Hartman's motion to expand the record is DENIED.

Additionally, in light of my recommendation, Hartman's motion for immediate release (ECF Doc. 6), motion for the appointment of counsel (ECF Doc. 8), renewal of his motions pending at the time (ECF Doc. 15), and motion for an extension of time to respond to Warden May's supplement to the motion to dismiss (ECF Doc. 19) are DENIED. Finally, because alteration of the docketing date of Hartman's petition is unnecessary and striking Warden May's response to his petition would be improper, Hartman's motion to amend and supplement the record (ECF Doc. 5) is DENIED.

Dated: July 20, 2023

Thomas M. Parker
United States Magistrate Judge

### **Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C. § 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).