**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS HARTMAN, | ) | CASE NO. 3:23-cv-00005 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| HAROLD MAY, Warden, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation (R&R) of Magistrate Judge Thomas M. Parker. R. 20. Initially, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising twelve grounds for relief. R. 1. Respondent Warden Harold May responded by moving to dismiss the petition as time barred. R. 12. Petitioner opposed the motion (R. 15), and both parties then filed additional briefs regarding the motion to dismiss. R. 16; R. 18.

The Magistrate Judge issued a 23-page Report and Recommendation (R&R) on July 20, 2023, recommending, *inter alia*, that the Court dismiss the petition as untimely filed. R. 20, PageID#: 1142–49. Petitioner Hartman objects, claiming that any delay in his filing of the federal habeas petition was caused by mail issues at the prison and/or because he was attempting to exhaust his Ohio Rule 26B application to reopen prior to filing here. R. 22, PageID#: 1165. He further objects to that portion of the R&R that found he cannot show actual innocence.

For the following reasons, Petitioner's objections are overruled, and the R&R adopted.

## I. Standard of Review

When a magistrate judge submits a report and recommendation, the Court is required to conduct a *de novo* review of those portions to which proper objection has been made. Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). However, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object" (citation omitted)). The text of Federal Rule of Civil Procedure 72(b)(3) addresses only the review of reports to which objections have been made but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee states: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

## III. Discussion

The Court adopts the R&R's statement of the facts and procedural background of this case, to which no objection was made. R. 20, PageID#: 1134–1138.

Further, the Court has reviewed the extensive, well-reasoned and well-supported 23-page R&R, finds that it both thoroughly analyzed the Petitioner's grounds for relief and fully supported its reasoning and findings. The Court finds no plain error. By contrast, Petitioner's

objections (R. 22) essentially restate positions and arguments that were raised to the Magistrate Judge and then analyzed and adjudicated. As such, these are general objections which, as the Sixth Circuit has observed, have the same effect as would a failure to object at all. *Howard,* 932 F.2d at 509. The Court will briefly discuss the insufficient objections raised by Petitioner.

As to the critical issue of timely filing, the R&R initially found that the Ohio Supreme Court declined to exercise jurisdiction over Petitioner's direct appeal on December 29, 2020, with Petitioner's conviction becoming final 90 days later, on March 29, 2021, which then started the one-year habeas limitations period the following business day. *Id.*, PageID#: 1142. Petitioner's federal habeas petition was filed December 12, 2022, (R. 1), which is well beyond the limitations period.

In addition, on January 29, 2021, the Ohio appellate court denied Hartman's Ohio Appellate Rule 26(B) application to reopen the appeal, which he filed while the direct appeal was pending before the Ohio Supreme Court. *Id.*, PageID#: 1136. The R&R found that did not extend the habeas limitation period.

Petitioner's objection stems from proceedings subsequent to the appellate court's denial of his Rule 26(B) application. Petitioner contends that he never received contemporaneous notice of that decision denying his application to reopen, citing the fact that the Ohio appellate court docket shows that the notice of decision intended for Petitioner was returned to that court. *Id.*, PageID#: 1136. He argues that he first learned of the denial of his application to reopen on January 3, 2022, when he received notice of the Ohio appeals court's decision to deny a motion to amend the original application to reopen. *Id.*, PageID#: 1145.

Therefore, according to Petitioner, his habeas one-year time limit should have been tolled between October 23, 2020, when he initially filed his Rule 26(B) application to reopen and

3

January 3, 2022, when he "discovered" in a later appellate decision that the initial application had been denied nearly a year earlier. R. 22, PageID#: 1164–65. He contends that his actions during 2021—*i.e.*, filing an unsuccessful attempt in the Ohio appellate court to amend the motion to reopen and to seek a delayed appeal in the Supreme Court of Ohio—show he was diligent in pursing his rights. *Id.*

The R&R concluded, however, that the initial Rule 26(B) application and denial had no impact on the limitations period because both occurred before Hartman's conviction became final. R. 20, PageID#: 1143. Moreover, the R&R found that even if the habeas time period were tolled for the period that Petitioner's attempt to amend the application to reopen was pending, "it would simply reduce the number of days [the habeas petition] was untimely." *Id.* Further, the R&R found that any later filings with the state appellate court, such as motions to expand the record, likewise did not impact the habeas time period because these were not "properly filed" under Ohio law. *Id.*, PageID#: 1144. Finally, the R&R determined that Hartman's filings with the Ohio Supreme Court also had no bearing on the federal habeas time period because they all were (1) filed after the Petitioner's federal habeas time period expired and (2) procedurally improper under Ohio law. *Id.*

In considering Petitioner's argument that the delay in receiving notice of the Ohio court's decision on the originally filed application to reopen constitutes a state-created impediment to filing that tolls the federal habeas one-year limitations period, the R&R first notes that the impediments to filing addressed by § 2244(d)(1)(B) concern state-created impediments for filing federal habeas petitions, not impediments to filing other state court materials. *Id.*, PageID#: 1145–46. Further, even if it were true, delay in receiving notice of a state court post-conviction decision did not impede Petitioner from filing a timely federal habeas petition with a motion to

4

stay and abate consideration of the petition until the state court decision was final. *Id.*

The R&R further concluded that Petitioner's bare assertion, without any proof, of "mail fraud" by the prison was insufficient to demonstrate an extraordinary circumstance that would entitle Petitioner to equitable tolling. *Id.*, PageID#: 1148. Moreover, as the Sixth Circuit teaches, a prisoner who receives a delayed notification of a state court judgment due to clerical or attorney error is not entitled to equitable tolling if they have simply passively awaited the state court decision. *Id.* (citation omitted).

Finally, the R&R stated that Petitioner's actual innocence argument only challenges the legal sufficiency of his conviction—*i.e.*, seeks to create a reasonable doubt as to his guilt—and does not establish that he is actually innocent as a factual matter. *Id.*, PageID#: 1149. Thus, the R&R concluded that because Petitioner's habeas petitioner was not timely filed, the motion to dismiss the petition should be granted and the petition should be denied. *Id.*, PageID#: 1153.

As stated above, the Court finds that Petitioner's failure to raise genuine objections to the R&R constitute a failure to object. Consequently, a re-examination of the same argument wastes judicial resources and is contrary to the purposes of the Magistrate Judges Act. *Howard,* 932 F.2d at 509. The Court adopts the Magistrate Judge's R&R.

### III. Conclusion

Petitioner's objections (R. 22) are hereby OVERRULED for the reasons stated and the Report and Recommendation (R. 20) is hereby ADOPTED. The Petition (R. 1) is hereby DISMISSED as untimely filed, as is more fully set forth in the R&R which is incorporated by reference.

Pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b), the Court finds that there is

not a sufficient basis to issue a certificate of appealability and so declines to issue such a certificate.

    IT IS SO ORDERED.


Date: March 29, 2024                                s/ *David A. Ruiz*
                                                           David A. Ruiz
                                                           United States District Judge